Jennifer Pafiti (SBN 282790)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

Monica K. Loseman (SBN 309370)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Telephone: 303.298.5784
mloseman@gibsondunn.com

*Attorneys for Defendants*

*[Additional Counsel on Signature Page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANJIV BALDWIN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

INTUIT INC., SASAN K. GOODARZI, and SANDEEP S. AUJLA,

Defendants.

Case No. 3:26-cv-07086-TLT

**STIPULATION AND [PROPOSED] ORDER EXTENDING TIME AND CONTINUING DEADLINES**

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiff Sanjiv Baldwin ("Plaintiff") and Defendants Intuit Inc., Sasan K. Goodarzi, and Sandeep S. Aujla (together, "Defendants") (collectively with Plaintiff, the "Parties") hereby stipulate, subject to the approval of the Court, as follows:

**WHEREAS**, on July 10, 2026, Plaintiff commenced the above-captioned putative securities class action against Defendants (the "Complaint," Dkt. 1) asserting claims under the Securities Exchange Act of 1934, which is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4;

**WHEREAS**, on July 13, 2026, the Court entered its Order Setting Initial Case Management Conference and ADR Deadlines for Class Actions Subject to the PSLRA (Dkt. 4), which sets an Initial Case Management Conference for October 15, 2026, and related deadlines, including certain discovery-related deadlines;

**WHEREAS**, the PSLRA provides for the appointment of a lead plaintiff and lead counsel to act on behalf of the purported class, *see* 15 U.S.C. § 78u-4(a)(3);

**WHEREAS**, Plaintiff has filed notice to the purported class as required by the PSLRA, *see* Dkt. 6;

**WHEREAS**, under the deadlines set by the PSLRA, applicants for lead plaintiff filed their motions by September 8, 2026;

**WHEREAS**, the appointed lead plaintiff may file an amended complaint that supersedes the pending Complaint;

**WHEREAS**, the PSLRA requires that all discovery be stayed in putative securities class action claims until resolution of any pending motions to dismiss, unless otherwise ordered by the Court, *see* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.");

**WHEREAS**, Defendants intend to move to dismiss the Complaint, or any amended complaint that supersedes the pending Complaint;

**WHEREAS**, on August 12, 2026, the Parties filed a joint stipulation seeking to extend

Defendants' time to respond to the Complaint until after the appointment of a lead plaintiff, and to continue the Case Management Conference and all associated deadlines (Dkt. 12);

**WHEREAS**, on August 13, 2026, the Court entered an order denying the joint stipulation for failing to show good cause existed and maintained all deadlines set in the Court's Order Setting Initial Case Management Conference and ADR Deadlines for Class Actions Subject to the PSLRA (Dkt. 13);

**WHEREAS**, the Court has set the following deadlines:

- Last day for 26(f): September 24, 2026
- ADR certification: September 24, 2026
- Initial Disclosures: September 24, 2026
- Joint CMC Statement: October 8, 2026
- Initial CMC: October 15, 2026

**WHEREAS**, the following deadlines also exist for appointment of Lead Plaintiff:

- Responses to Motions for Lead Plaintiff: September 22, 2026
- Replies in Support of Motions for Lead Plaintiff: September 29, 2026
- Hearing on Movants' Motions to Appoint Lead Counsel and Consolidate Cases: March 16, 2027

**WHEREAS**, Plaintiff Sanjiv Baldwin and his counsel at Pomerantz LLP and Schall Brown & Schwartz LLP did not apply for lead plaintiff or lead plaintiff's counsel status, such that neither Baldwin nor his counsel will be involved in directing this Action moving forward;

**WHEREAS,** on September 15, 2026 and September 16, 2026, counsel for the Parties met and conferred;

**WHEREAS**, on September 17, 2026, Plaintiff renewed his request that Defendants waive service;

**WHEREAS**, Defendants agreed to waive service of the summons and complaint on September 17, 2026, and therefore, the Parties agree that Defendants' deadline to answer, move, or otherwise respond to the Complaint is November 16, 2026; **WHEREAS**, counsel for the Parties have conferred and respectfully submit that, given it is now clear Plaintiff Sanjiv Baldwin and Pomerantz LLP and Schall Brown & Schwartz LLP will not be appointed lead plaintiff or lead plaintiff's counsel, and

consistent with the procedures specified in the PSLRA, and for judicial efficiency and to conserve the resources of the Court and the Parties while the Lead Plaintiff process is on-going, good cause exists to extend the time for Defendants to answer, move against, or otherwise respond to the Complaint beyond November 16, 2026, until after the Court appoints a lead plaintiff and the lead plaintiff files an amended complaint or designates the Complaint as the operative complaint in this litigation (*see* accompanying Declaration of Monica K. Loseman);

**WHEREAS**, the Parties also respectfully submit that good cause exists to vacate or continue the deadline to hold a Rule 26(f) conference and the deadline for Initial Disclosures until after a decision is entered on any forthcoming motion to dismiss, pursuant to the PSLRA's statutorily mandated stay of discovery and other proceedings, *see* 15 U.S.C. § 78u-4(b)(3)(B);

**WHEREAS**, the Parties do not seek to continue the ADR certification deadline, the deadline for the Joint CMC statement, or the date of the CMC if the Court believes it appropriate for those matters to move forward without lead plaintiff and lead plaintiff's counsel;

**WHEREAS**, there have been no previous time modifications in this action, whether by stipulation or Court order; and

**WHEREAS**, this stipulated request is being filed more than fourteen (14) days before the Initial Case Management Conference, *see* Civil L.R. 6-1(b);

IT IS HEREBY STIPULATED, pursuant to Civil Local Rule 7-12, by and between the undersigned Parties that:

1. The undersigned counsel for Defendants hereby accept service of the Complaint in the Action on behalf of the Defendants upon the Court's order granting this stipulation; provided, however, that the acceptance of service and entry into this Stipulation shall not waive, and Defendants expressly preserve, all rights, claims and defenses, including, but not limited to, all defenses relating to jurisdiction, other than a defense as to the sufficiency of service of the Complaint.
2. The Parties stipulate and agree that Defendants are under no current obligation to answer or otherwise respond to the Complaint filed in the Action by November 16, 2026, and that, unless otherwise ordered by the Court, Defendants may defer any answer, motion, or other

response until after an order is entered regarding the Court's appointment of a lead plaintiff and approval of lead plaintiff's selection of lead plaintiff's counsel pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3).

3. Within fourteen (14) days after the entry of an order appointing a lead plaintiff and lead plaintiff's counsel in this Action, counsel for Defendants and Lead Plaintiff's Counsel shall confer and submit a proposed schedule for the filing of a consolidated or amended complaint and Defendants' response(s) thereto.

4. The deadlines to hold a Rule 26(f) conference and for Initial Disclosures shall be vacated or continued until after an order is entered on any forthcoming motion to dismiss.

5. The deadlines for ADR certification, the Joint CMC Statement, and the Initial CMC shall remain unchanged.

IT IS SO STIPULATED.

Dated: September 22, 2026 Respectfully submitted,

SCHALL BROWN & SCHWARTZ LLP

/s/ Andrew Brown
Andrew Brown (SBN 60562)
Brian Schall (SBN 290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
andrew@schallfirm.com

POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-
jalieberman@pomlaw.com
ahood@pomlaw.com

*Attorneys for Plaintiff Sanjiv Baldwin*

GIBSON, DUNN & CRUTCHER LLP

/s/ Monica K. Loseman
Monica K. Loseman (SBN 309370)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Telephone: 303.298.5784
mloseman@gibsondunn.com

Craig Varnen (SBN 170263)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7922
cvarnen@gibsondunn.com

Michael D. Celio (SBN 197998)
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5026
mcelio@gibsondunn.com

*Attorneys for Defendants Intuit Inc., Sasan K. Goodarzi, and Sandeep S. Aujla*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ______________________________

Hon. Trina L. Thompson
United States District Judge

**ECF ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Extending Time and Continuing Deadlines. Pursuant to L.R. 5-1(i)(3) regarding signatures, I, Monica K. Loseman, attest that each of the other signatories has concurred in the filing of this document.

Dated: September 22, 2026

GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Monica K. Loseman_
Monica K. Loseman