GIBSON, DUNN & CRUTCHER LLP
Monica K. Loseman (SBN 309370)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Telephone: 303.298.5784
mloseman@gibsondunn.com

Craig Varnen (SBN 170263)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7922
cvarnen@gibsondunn.com

Michael D. Celio (SBN 197998)
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5026
mcelio@gibsondunn.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV BALDWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., SASAN K. GOODARZI, and SANDEEP S. AUJLA,<br><br>Defendant. | Case No. 3:26-cv-07086-TLT<br><br>**DECLARATION OF MONICA K. LOSEMAN IN SUPPORT OF STIPULATION** |

I, Monica K. Loseman, declare as follows:

1. I am a partner at Gibson, Dunn & Crutcher LLP and counsel for Defendants Intuit Inc., Sasan K. Goodarzi, and Sandeep S. Aujla. I submit this declaration pursuant to Civil Local Rule 6-2 in support of the foregoing stipulated request. I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto.

2. This is a putative securities class action subject to the PSLRA. A lead plaintiff has not yet been appointed, and the appointed lead plaintiff may file an amended complaint that would supersede the pending Complaint. Two groups of shareholders moved to be appointed lead plaintiff in this Action. (Dkt. 15 and 17). Neither Plaintiff Sanjiv Baldwin nor his counsel Pomerantz LLP and Schall Brown & Schwartz LLP moved to be appointed lead plaintiff or lead counsel. Therefore, neither Plaintiff Sanjiv Baldwin nor his counsel Pomerantz LLP and Schall Brown & Schwartz LLPwill be involved with directing this Action moving forward.

3. The PSLRA also automatically stays all discovery pending resolution of any motions to dismiss. 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.").

4. The Parties previously submitted a joint stipulation seeking to continue all previously set deadlines and extend Defendants' time to answer, move against, or otherwise respond to the Complaint until after the Court appoints a lead plaintiff. Dkt. 12. The Court denied the joint stipulation as failing to show good cause existed and maintained all deadlines set in the Court's Order Setting Initial Case Management Conference and ADR Deadlines for Class Actions Subject to the PSLRA (Dkt. 13).

5. Counsel for the Parties met and conferred on September 15, 2026 and September 16, 2026.

6. On September 17, 2026, Plaintiff renewed his request that Defendants waive service of the summons and Complaint. Also on September 17, 2026, Defendants agreed to waive service of the summons and Complaint. Therefore, the deadline for Defendants to answer, move, or otherwise

respond to the Complaint is November 16, 2026.

7. Counsel for the Parties also agreed to submit this joint stipulation to seek an extension of time beyond November 16, 2026, for Defendants to answer, move against, or otherwise respond to the Complaint until after the Court appoints a lead plaintiff. The Parties respectfully submit that, good cause exists for this extension because neither Plantiff Sanjiv Baldwin nor his counsel Pomerantz LLP and Schall Brown & Schwartz LLP will be appointed lead plaintiff or lead plaintiff's counsel, it would be consistent with the procedures set out in the PSLRA, and promote judicial efficiency and conserve the resources of the Court and the Parties.

8. The Parties also respectfully submit that good cause exists to vacate or continue the deadline to hold a Rule 26(f) conference and the deadline for Initial Disclosures until after a decision is entered on any forthcoming motion to dismiss, pursuant to the PSLRA's statutorily mandated stay of discovery. *See* 15 U.S.C. § 78u-4(b)(3)(B).

9. There have been no previous time modifications in this Action, whether by stipulation or Court order.

10. The requested relief would continue or vacate the deadline to hold a Rule 26(f) conference and the deadline for Initial Disclosures until after a motion to dismiss is decided. The stipulation provides that within fourteen (14) days after appointment of a lead plaintiff and lead counsel, the parties will meet and confer and submit to the Court a proposed schedule for the operative complaint and Defendants' response.

11. The requested relief will not affect any other date currently set by the Court, including the deadline for the Initial Case Management Conference, if the Court believes it is appropriate for those matters to move forward without lead plaintiff and lead plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2026, at Denver, Colorado

By: */s/ Monica K. Loseman*
Monica K. Loseman