M. Elizabeth Graham (SBN 143085)
**GRANT & EISENHOFER P.A.**
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
egraham@gelaw.com

Philip M. Black (SBN 308619)
**WOLF POPPER LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel.: (415) 745-3232
pblack@wolfpopper.com

*Counsel for the Pension Funds and Proposed Lead Counsel for the Class*

[Additional Counsel Appear Below]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANJIV BALDWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>INTUIT INC., SASAN K. GOODARZI, and SANDEEP S. AUJLA,<br><br>Defendants. | No. 3:26-cv-07086-TLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE PENSION FUNDS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Date: March 16, 2027<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Trina L. Thompson |
| KENNETH BRUCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>INTUIT INC., SASAN K. GOODARZI, and SANDEEP S. AUJLA,<br><br>Defendants. | No. 3:26-cv-08518-CRB<br><br><u>CLASS ACTION</u><br><br>Date: November 20, 2026<br>Time: 10:00 a.m.<br>Courtroom: Videoconference Only<br>Judge: Hon. Charles R. Breyer |

Public Employees' Retirement System of Mississippi ("MissPERS") and Malden Contributory Retirement System ("Malden," and together with MissPERS, the "Pension Funds") respectfully submit this memorandum of points and authorities in further support of the Motion of the Pension Funds for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (ECF No. 15) (the "Motion").

## I. PRELIMINARY STATEMENT

The Pension Funds should be appointed Lead Plaintiff. They have the largest financial interest in the relief sought by the Class and otherwise satisfy the PSLRA's requirements, entitling them to the presumption that they are the most adequate plaintiff.[1] The only other movant seeking appointment as Lead Plaintiff has now filed a notice of non-opposition to the Pension Funds' Motion. *See* ECF No. 33.

As demonstrated in their Motion, the Pension Funds suffered nearly $21.1 million in last-in, first-out ("LIFO") losses during the Class Period, have a substantial financial interest in the litigation, and satisfy Federal Rule of Civil Procedure 23's typicality and adequacy requirements. No member of the purported Class has come forward with proof sufficient to rebut the PSLRA's presumption. Accordingly, the Court should appoint the Pension Funds as Lead Plaintiff and approve their selection of Grant & Eisenhofer P.A. ("G&E") and Wolf Popper LLP ("Wolf Popper") as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Pension Funds are the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), and should therefore be appointed as Lead Plaintiff; and

2. Whether the Court should approve the Pension Funds' selection of G&E and Wolf Popper as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1] The Pension Funds seek consolidation of related actions *Baldwin v. Intuit Inc.*, No. 3:26-cv-07086-TLT (N.D. Cal.) and *Bruce v. Intuit Inc.*, No. 3:26-cv-08518-CRB (N.D. Cal.). *See* ECF No. 15 § IV.A. Unless otherwise indicated, all ECF citations refer to the docket in *Baldwin*.

## III. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On July 10, 2026, the *Baldwin* action was filed, and a PSLRA statutory notice was published advising investors of the pendency of the action and the September 8, 2026 deadline to seek appointment as Lead Plaintiff. *See* ECF Nos. 1, 6-1. *Baldwin* alleged claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of investors who acquired Intuit securities between August 22, 2025 and May 20, 2026. ECF No. 1 ¶ 1.

On August 17, 2026, the *Bruce* action was filed, alleging claims for violations of Sections 10(b) and 20(a) of the Exchange Act against the same Defendants named in *Baldwin*. *See Bruce* ECF No. 1. *Bruce*, however, alleged an expanded Class Period of February 25, 2025 through June 1, 2026. *Id.* ¶ 1. Notice of the *Bruce* action was published that same day, advising investors of the expanded Class Period and the same September 8, 2026 deadline to seek appointment as Lead Plaintiff. *Bruce* ECF No. 5-1.

The Pension Funds timely moved for appointment as Lead Plaintiff on September 8, 2026. ECF No. 15. As demonstrated by their Motion, the Pension Funds purchased 168,134 shares of Intuit securities during the Class Period, expended nearly $40.9 million in net funds, and suffered approximately $21.1 million in LIFO losses and $34.3 million in FIFO losses. ECF No. 15 at 8.

One competing motion was filed by a group of five funds: (1) Oregon Public Employees Retirement Fund; (2) The City of Miami Fire Fighters' and Police Officers' Retirement Trust; (3) Fort Lauderdale Police & Firefighters' Retirement System; (4) Peace Officers' Annuity and Benefit Fund of Georgia; and (5) Canadian Elevator Industry Pension Trust Fund (collectively, the "Competing Group"). ECF No. 18. On September 22, 2026, the Competing Group filed a notice of non-opposition, acknowledging that the Pension Funds have a larger financial interest in the relief sought by the Class. ECF No. 33. Thus, the Pension Funds are the only remaining movant seeking appointment as Lead Plaintiff.

## IV. ARGUMENT

### A. The Pension Funds Should be Appointed Lead Plaintiff

The PSLRA establishes a straightforward process for selecting a lead plaintiff. The Court first compares the financial interests of the competing movants to determine which has the largest financial stake in the litigation. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The Court then determines whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23. *Id.* If so, that movant is the presumptive "most adequate plaintiff," and the presumption may be rebutted only upon proof that the movant will not fairly and adequately protect the Class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Corcept Therapeutics Inc. Sec. Litig.*, No. 3:26-cv-01525-TLT, ECF No. 72 at 3 (N.D. Cal. July 30, 2026).

Under this rubric, the Pension Funds are presumptively the most adequate plaintiff. They have the largest financial interest in the litigation and, as demonstrated in their Motion, satisfy Rule 23's typicality and adequacy requirements. There is no basis to rebut the resulting presumption. The Pension Funds should therefore be appointed Lead Plaintiff, and their selection of G&E and Wolf Popper as Lead Counsel should be approved.

#### 1. The Pension Funds Have the Largest Financial Interest

To determine which movant has the largest financial interest, courts in this District consider four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *In re Corcept*, ECF No. 72 at 3–4 (quoting *Sneed v. AcelRx Pharms., Inc.*, 2021 WL 5964596, at *2 (N.D. Cal. Dec. 16, 2021)). Of these factors, "[t]he total approximate losses are the most significant consideration," and LIFO is the "preferred approach in this district to calculate those losses." *In re Corcept*, ECF No. 72 at 4.

As demonstrated in their Motion, the Pension Funds purchased 168,134 Intuit shares during the Class Period, expended nearly $40.9 million in net funds, and suffered approximately $21.1 million in LIFO losses and $34.3 million in FIFO losses. ECF No. 15 at 8. The only other

movant seeking appointment as Lead Plaintiff has acknowledged that the Pension Funds claim a larger financial interest in the relief sought by the Class and does not oppose their Motion. *See* ECF No. 33. Accordingly, the Pension Funds have the largest financial interest in the litigation.

### B. The Pension Funds Satisfy Rule 23 and Are the Presumptive "Most Adequate Plaintiff"

A lead plaintiff movant must also "otherwise satisf[y] the requirements of Rule 23" in order to be the presumptive Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, a proposed lead plaintiff need only make a *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirement. *See Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020); *see also In re Cavanaugh*, 306 F.3d at 730 n.5, 732.

For the reasons explained in its Motion, the Pension Funds are typical and adequate. Specifically, the Pension Funds' claims are typical because they: (1) purchased Intuit securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of Intuit securities to drop. The Pension Funds' claims are based on the same legal theories and arise from the same events and course of conduct as the Class's claims, and thus satisfy Rule 23(a)(3)'s typicality requirement. *See Kusen v. Herbert*, No. 23-cv-02940-AMO, 2023 WL 8171736, at *6 (N.D. Cal. Nov. 24, 2023). For these reasons, the Pension Funds have demonstrated typicality.

The Pension Funds also satisfy Rule 23's adequacy requirement because they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Pension Funds do not have conflicts of interest with other Class members, and their interests are fully aligned with those of the Class. As sophisticated institutional investors with a substantial financial stake in the litigation, the Pension Funds have the resources, experience, and expertise to vigorously represent the Class and prosecute the Action.

Finally, as explained in their Motion, the Pension Funds collectively have experience serving as lead plaintiff in securities class actions and working vigorously to obtain the maximum recovery on behalf of similarly situated investors. *See* ECF No. 15 at § IV.C.

### C. The Presumption in Favor of the Pension Funds Cannot be Rebutted

As explained, the Pension Funds have the largest financial interest in the litigation, and otherwise satisfy the requirements of Rule 23. The Pension Funds are therefore the presumptive Lead Plaintiff under the PSLRA. That presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).

No Class member has offered any such proof. To the contrary, the only other movant seeking appointment as Lead Plaintiff has filed a notice of non-opposition to the Pension Funds' Motion. *See* ECF No. 33. The statutory presumption therefore remains unrebutted.

### D. The Court Should Approve the Pension Funds' Selection of Counsel

For the reasons set forth in the Pension Funds' Motion, the Court should also approve the Pension Funds' selection of G&E and Wolf Popper as Lead Counsel. The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, with the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with a Lead Plaintiff's selection of counsel unless doing so is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Pension Funds have selected G&E and Wolf Popper as proposed Lead Counsel for the Class. As their firm resumes reflect, both firms are highly experienced in securities class action litigation and have achieved significant recoveries for investors in numerous similar actions. *See* ECF No. 15-6, 15-7 (firm resumes).

## V. CONCLUSION

For the foregoing reasons, and for the reasons stated in their Motion, the Pension Funds respectfully request that this Court issue an Order: (1) consolidating the above-captioned related actions; (2) appointing the Pension Funds as Lead Plaintiff for the Class; (3) approving the Pension Funds' selection of G&E and Wolf Popper as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Dated: September 22, 2026

Respectfully submitted,

*/s/ M. Elizabeth Graham*

M. Elizabeth Graham (SBN 143085)
**GRANT & EISENHOFER P.A.**
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
egraham@gelaw.com

Karin E. Fisch (*pro hac vice* forthcoming)
Vincent J. Pontrello (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
kfisch@gelaw.com
vpontrello@gelaw.com

Philip M. Black (SBN 308619)
**WOLF POPPER LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel.: (415) 745-3232
pblack@wolfpopper.com

*Counsel for the Pension Funds and Proposed Lead Counsel for the Class*