UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJIV BALDWIN, et al.,<br>Plaintiffs,<br>v.<br>INTUIT INC., et al.,<br>Defendants. | Case No. 26-cv-07086-TLT<br><br>**ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 15, 18 |

Pending before the Court is Movant Public Employees' Retirement System of Mississippi ("MissPERS") and Movant Malden Contributory Retirement System ("Malden," and together with MissPERS, the "Pension Funds Movants") motion to appoint the Pension Funds as Lead Plaintiff, and approving the Pension Funds' selection of Grant & Eisenhofer P.A. ("G&E") and Wolf Popper LLP ("Wolf Popper") as Lead Counsel. ECF 15. The Pension Funds Movants filed their motion on September 8, 2026. *Id.* In support of their motion, the Pension Funds Movants submit a Memorandum of Points and Authorities in support thereof and the Declaration of M. Elizabeth Graham ("Graham Decl."). *Id.*

The remaining Movants, the Oregon State Treasurer and the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employees Retirement Fund ("Oregon PERF"), The City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami FIPO"), Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale P&F"), Peace Officers' Annuity and Benefit Fund of Georgia ("Georgia POAB"), and Canadian Elevator Industry Pension Trust Fund ("Canadian Elevator PTF") (collectively, the "Alternative Movants") filed a motion for appointment as lead plaintiffs on September 8, 2026. ECF 18. On September 22, 2026, the Alternative Movants withdrew their motion after acknowledging that the Pension Funds Movants claim a larger financial interest in this litigation. ECF 33.

On September 22, 2026, Defendants Intuit Inc., Sasan K. Goodarzi, and Sandeep S. Aujla (together, "Defendants") submitted a statement of non-opposition to the motions for consolidation, appointment of lead plaintiff, and approval of lead counsel filed on September 8, 2026 (the "Motions"). ECF 35.

The Court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** the Pension Fun Movants' motion to appoint the Pension Funds Movants as Lead Plaintiff, and approving the Pension Funds' selection of Grant & Eisenhofer P.A. ("G&E") and Wolf Popper LLP ("Wolf Popper") as Lead Counsel.

## I. LEGAL STANDARD

Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") governs appointment of lead plaintiffs in all private securities class actions. *See* 15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3). Under the Securities Exchange Act and the PSLRA, the district court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). Among other things, the "most adequate plaintiff" is the person that "has either filed the complaint or made a motion in response to a notice." §§ 77z-1(a)(3)(B)(iii)(I); 78u-4(a)(3)(B)(iii)(I).

The Court applies a three-step process for appointing a lead plaintiff under the PSLRA. 15 U.S.C. § 78u 4(a)(3)(B); *see In re Stitch Fix, Inc. Securities Litigation*, 393 F. Supp. 3d. 833 (N.D. Cal. 2019). First. the plaintiff in the first-filed action to "publiciz[e] the pendency of the action, the claims made and the purported class period" in "a widely circulated national business-oriented publication or wire service." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(A)). Second, the court must identify the presumptive lead plaintiff, that is, "the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (internal

United States District Court
Northern District of California

quotation marks and citation omitted). In step three, the other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing" by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 730.

## II. APPOINTMENT OF LEAD PLAINTIFFS

The Court "must calculate each potential lead plaintiff's financial interest in the litigation" using a method that is "both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. In making that comparison, courts in this District look to four measures: "'(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *In re Corcept Therapeutics Inc. Sec. Litig*, No. 3:26-cv-01525-TLT, ECF 72 at 3-4 (quoting *Sneed v. AcelRx Pharms., Inc*., 2021 WL 5964596, at *2 (N.D. Cal. Dec. 16, 2021)).

The Pension Funds Movants are sophisticated institutional investors that collectively oversee billions of dollars in assets with experience serving as lead plaintiffs in securities class actions. ECF 15 at 7. The Pension Funds Movants allege that Defendants misrepresented that Intuit's AI capabilities and integrated platform provided significant competitive advantages and would support continued growth, while assuring investors that its tax business remained strong and Mailchimp was on track to return to double-digit growth. *See* ECF 1, Complaint ("Compl.") ¶¶ 24–43. Collectively, the Pension Funds Movants purchased 168,134 total shares during the class period, which amounted to 73,153 net shares purchased during the class period. ECF 15 at 14. The Pension Funds Movants expended $40,895,250 in net funds during the class period and Pension Funds Movants allege that as result of the misstatements, during the relevant time period, they lost at least $21,061,036. *Id*. This was calculated using the last-in, first-out ("LIFO") accounting method to reflect the shares sold against the most recent share purchase. While "[t]he Ninth Circuit has declined to endorse a particular method" to calculate which movant has the largest financial stake, "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a [LIFO] methodology." *See Nicolow v. Hewlett Packard Co*., No. 12-cv-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). The Pension Funds

Movants' PSLRA Certifications and loss chart reflects that the Pension Funds Movants lost more than $21 million on their purchases of Intuit securities during the class period. ECF 15 at 14. This loss reflects the largest amount of the proposed plaintiffs. The Alternative Movants agree, as they filed a notice of non-opposition confirming they do not have the "larger financial stake than the Pension Funds in the relief sought by the class." ECF 33.

Because Pension Funds Movants have the largest financial interest in the litigation, the Court "focus[es] its attention on" Pension Fund Movants' to determine "whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730. Here, the Pension Funds Movants made a prima facie showing of typicality and adequacy. The Pension Funds Movants and other class members alike allege a financial loss from the purchase of Intuit securities during the class period as a result of Defendants' statements regarding AI discussed above. Moreover, the Pension Funds Movants are sophisticated investors that incurred substantial financial losses and, thus, motivated to vigorously prosecute the action on behalf of the class. ECF 15 at 16.

Because Pension Funds Movants have the greatest financial interest in this litigation and satisfies the Rule 23(a) requirements, Pension Fund Movants are the presumptive "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## III. APPOINTMENT OF LEAD COUNSEL

Under the PSLRA, the Court must also appoint lead counsel. *Stitch Fix*, 393 F. Supp. 3d at 836-37; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). "While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citations omitted). The Pension Funds Movants have selected G&E and Wolf Popper to serve as Lead Counsel in this case. ECF 15 at 17. The Court sees no reason to disagree with his selection. Accordingly, G&E and Wolf Popper are appointed lead counsel for the putative class in this consolidated action.

## IV. CASE SCHEDULE AND NEXT STEPS

The parties are directed to meet and confer to set a schedule for the Lead Plaintiff's filing

United States District Court
Northern District of California

of a consolidated complaint and the defendants' response to the complaint. A joint proposed schedule is due no later than November 20, 2026. The Amended Complaint or Designation of Operative Complaint is due by 1/29/2027.

Pursuant to the PSLRA and the Federal Rules of Civil Procedure—as well as for the sake of clarity and efficient case management—lead plaintiff is directed to set out in chart form his securities fraud allegations under the following headings on a numbered, statement-by-statement basis: (1) the speaker(s), date(s) and medium; (2) the false and misleading statements; (3) the reasons why the statements were false and misleading when made; and (4) the facts giving rise to a strong inference of scienter. The chart may be attached to or contained in the consolidated complaint, and will be deemed to be a part of the complaint. If Lead Plaintiffs decides to rest on the original complaint, the chart is due by the deadline to file the consolidated complaint.

The hearing scheduled for 1/26/2027 at 2:00 PM is hereby VACATED. The Further Case Management Conference set for 2/18/2027 at 2:00 PM in San Francisco - Videoconference Only is maintained. A Joint Case Management Statement due by 2/11/2027.

IT IS SO ORDERED.

Dated: November 16, 2026

TRINA L. THOMPSON
United States District Judge